UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CARLOS REYNA, et al., | Case No. 17-CV-01834-LHK |
| Plaintiffs, | **ORDER GRANTING IN PART AND DENYING IN PART SEALING MOTIONS** |
| v. | |
| ARRIS INTERNATIONAL PLC, | Re: Dkt. Nos. 59, 60 |
| Defendant. | |

Before the Court are two administrative motions to file under seal. ECF Nos. 59, 60. Plaintiffs seek to seal portions of (1) the Second Amended Consolidated Class Action Complaint ("SACC") and (2) Plaintiff's Motion for Leave to File a Third Amended Consolidated Class Action Complaint ("TACC") based on Defendant or Intel's designation of certain material as confidential. *Id.* Defendant filed declarations in support of the administrative motions to file under seal in which Defendant seeks to seal a narrower subset of the information that Plaintiffs identified as sealable. ECF Nos. 65, 66.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435

1

U.S. 589, 597 & n.7 (1978)). Thus, when considering a sealing request, "a strong presumption in favor of access is the starting point." *Id.* (internal quotation marks omitted).

Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action," *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016), bear the burden of overcoming the presumption with "compelling reasons supported by specific factual findings" that outweigh the general history of access and the public policies favoring disclosure. *Kamakana*, 447 F.3d at 1178–79 (9th Cir. 2006). Compelling reasons justifying the sealing of court records generally exist "when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon*, 435 U.S. at 598). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

Records attached to motions that are "not related, or only tangentially related, to the merits of a case," are not subject to the strong presumption of access. *Ctr. for Auto Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action." (internal quotation marks omitted)). Parties moving to seal records attached to motions unrelated or only tangentially related to the merits of a case must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Ctr. for Auto Safety*, 809 F.3d at 1098-99; *Kamakana*, 447 F.3d at 1179–80. The "good cause" standard requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

Pursuant to Rule 26(c), a trial court has broad discretion to permit sealing of court documents for, inter alia, the protection of "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c)(1)(G). The Ninth Circuit has adopted the definition of "trade secrets" set forth in the Restatement of Torts, holding that "[a] trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972) (quoting Restatement (First) of Torts § 757 cmt. b). "Generally [a trade secret] relates to the production of goods. . . . It may, however, relate to the sale of goods or to other operations in the business. . . ." *Id.* (ellipses in original). In addition, the U.S. Supreme Court has recognized that sealing may be justified to prevent judicial documents from being used "as sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598.

In addition, parties moving to seal documents must comply with the procedures established by Civil Local Rule 79-5. Pursuant to that rule, a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged, protectable as a trade secret or otherwise entitled to protection under the law." Civ. L. R. 79-5(b). "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)." *Id.* Civil Local Rule 79-5(d), moreover, requires the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable material" and that "lists in table format each document or portion thereof that is sought to be sealed," as well as an "unredacted version of the document" that "indicate[s], by highlighting or other clear method, the portions of the document that have been omitted from the redacted version." *Id.* R. 79-5(d)(1).

Here, the documents that the parties seek to seal are either an amended complaint or a motion for leave to file an amended complaint. A complaint is "more than tangentially related to the underlying cause of action." *Ctr. for Auto Safety*, 809 F.3d at 1099. Indeed, this Court and other courts have held that the compelling reasons standard applies to the sealing of a complaint precisely because

the complaint forms the foundation of the lawsuit. *See Ponomarenko v. Shapiro*, No. 16-CV-02763-BLF, 2017 WL 3605226, at *2 (N.D. Cal. Aug. 21, 2017); *In re Google Inc. Gmail Litig.*, No. 13-MD-02430-LHK, 2013 WL 5366963, at *2 (N.D. Cal. Sept. 25, 2013); *Dunbar v. Google, Inc.*, No. 12-CV-03305-LHK, 2013 WL 4428853, at *2 (N.D. Cal. Aug. 14, 2013); *In re NVIDIA Corp. Derivative Litig.*, 06-CV-06110-SBA, 2008 WL 1859067, at *3 (N.D. Cal. Apr. 23, 2008); *Nucal Foods, Inc. v. Quality Egg LLC*, No. 10-CV-03105-KJM, 2012 WL 260078, at *2 (E.D. Cal. Jan. 27, 2012). Accordingly, the Court applies the "compelling reasons" standard to the instant motions to seal.

Defendant and Intel seek to seal several types of information. First, Defendant and Intel assert that some of the information contains competitively and commercially sensitive information about "Intel's internal product development processes and systems and how Intel evaluates and tests its cable modem products such as the Puma 6 chipset," ECF No. 65-1 at ¶ 3, or about Defendant's internal processes, systems, testing, and engineering structures, ECF No. 65 at 5. Defendant and Intel also contend that the "information provides insights into Intel's hardware and software architecture for the Puma 6 chipset and other cable modem products. Intel considers that technical information to be a trade secret and limits access to that information even within the company to those that have a need to know." *Id.* Intel contends that release of such information would cause competitive harm to Intel and could also allow a third party to create security threats to users of the Puma 6 chipset. *Id.* ¶ 4. Intel argues that "[i]f Intel's internal improvement efforts were to become public, third-party competitors would be able to use Intel's own internal analysis, which they ordinarily would not be able to access, to disparage Intel's Puma 6 chipset and spread fear, uncertainty, and doubt in the marketplace relating to the Puma 6 chipset and latency issues that Intel identified and already resolved." *Id.* ¶ 5.

The Court has previously recognized that avoiding competitive harm from the disclosure of confidential product development information is a compelling reason to seal such information. *See Kowalsky v. Hewlett-Packard Co.*, 2012 WL 892427, at *2 (N.D. Cal. Mar. 14, 2012); *see also Arista Networks, Inc. v. Cisco Sys., Inc.*, 2017 WL 6043303, at *3-4 (N.D. Cal. Nov. 28,

4

2017) (finding that disclosure of internal assessments of products and development strategies would result in competitive harm and thus that the information is sealable); *Apple Inc. v. Samsung Elecs. Co.*, 2012 WL 4120541, at *2 (N.D. Cal. Sept. 18, 2012) (same). To the extent that the parties' request is narrowly tailored to protect information about product development processes or systems or information that would create security threats, the Court finds that Defendant and Intel have met the compelling reasons standard. Where the parties' request goes beyond such information and simply reflects generally that Defendant and Intel were aware of a problem and were working to resolve it, the Court finds sealing inappropriate.

The second type of information that Defendant seeks to seal is direct consumer communication with Defendant. *See* ECF No. 65 at 4. Defendant contends that Defendant has a published privacy policy and that, pursuant to that policy, consumers have a reasonable expectation of privacy in their communications with Defendant. Defendant argues that publishing such direct comments "could erode trust and harm [Defendant] in the consumer market." *Id.* The Court has previously found that customer complaints "are not confidential, because they are known by third parties—the customers reporting the complaints." *Kowalsky*, 2012 WL 892427 at *2 (internal quotation marks omitted). However, the Court has approved the sealing of customers' personal information such as names, addresses, and email addresses. *See id.* Accordingly, the Court finds that the substance of customer complaints is not sealable, but information that includes a customer's personal information may be sealed.

Third, Defendant and Intel seek to seal information that they contend "could reveal information which could be used for malicious purposes and pose a security threat." *See, e.g.*, ECF No. 66 at 7. The Court has previously found that detailed information about the technology that a company uses to protect against hacking and other types of attacks, or specific vulnerabilities in that technology, is sealable under the compelling reasons standard. *See In re Yahoo! Inc. Customer Data Security Breach Litig.*, No. 16-MD-2752-LHK, ECF No. 192 at 4-5 (N.D. Cal. Jan. 3, 2018); *In re Google Inc. Gmail Litig.*, No. 13-MD-02430-LHK, 2013 WL 5366963, at *3 (N.D. Cal. Sept. 25,

2013). However, the Court has found that information about a company's internal procedures to investigate cybersecurity threats does not pose the same risk, and so is not sealable under the compelling reasons standard. *In re Yahoo! Inc. Customer Data Security Breach Litig.*, No. 16-MD-2752-LHK, ECF No. 192 at 5 n.1. Here, with one exception, Defendant and Intel do not adequately explain why the general information contained in the SACC or TACC pose a security threat.

Finally, Defendant seeks to seal information about its communications with a third-party cable provider related to the alleged defect in the modems. *See* ECF No. 65 at 4-5. Defendant argues that the cable operator's internal processes and systems, testing, and engineering structures are not publicly known and could cause competitive harm to Defendant, including by chilling and potentially harming Defendant's working relationship with the cable provider. To the extent that the parties' request is narrowly tailored to protect information about confidential business processes, systems, testing, or engineering structures, the Court finds that Defendant has met the compelling reasons standard. Where the parties' request goes beyond such information and simply reflects generally that Defendant and the cable operator were aware of a problem and were working to resolve it, the Court finds sealing inappropriate.

With this standard in mind, the Court rules on the instant motions as follows:

| Motion to Seal | Page/Line | Ruling |
|---|---|---|
| ECF No. 59 | Page 1/Line 12 | DENIED. Defendant has no objection to unsealing. |
| ECF No. 59 | Page 15/Lines 18-19 | DENIED. Defendant has no objection to unsealing. |
| ECF No. 59 | Page 16/Lines 1-9, 11-12 | GRANTED as to all of Line 5 and the portion of Line 8 between "packet" and "This". This information would cause competitive harm to Intel and Defendant by providing confidential information about the design of the chip. DENIED as to Lines 1-4, 6-7, the remaining portion of Line 8, 9, 11-12. The information does not reveal specific confidential testing or development methodology or chip design, but rather relates to Defendant's knowledge of the existence of the alleged defect that is identified elsewhere in the SACC. |

6

| Motion to Seal | Page/Line | Ruling |
|---|---|---|
| ECF No. 59 | Page 16/Lines 17-19 | DENIED. Defendant has no objection to unsealing. |
| ECF No. 59 | Page 16/Line 25 - Page 17/Line 3 | DENIED. Consumer complaints that do not contain the consumer's identifying information are not sealable, nor is the general description of Defendant's internal response to the complaint sealable. |
| ECF No. 59 | Page 17/Lines 4-6 | DENIED. Defendant has no objection to unsealing. |
| ECF No. 59 | Page 17/Lines 8-15 | GRANTED as to Line 12 except for the word "SB6190." This information would cause competitive harm to Intel and Defendant by providing confidential information about the design of the chip.<br>DENIED as to Lines 8-11 and 13-15. The information does not reveal specific confidential testing or development methodology or chip design, but rather relates to Defendant's knowledge of the existence of the alleged defect that is identified elsewhere in the SACC. |
| ECF No. 59 | Page 17/Lines 17-21, 28 | GRANTED as to Line 19 beginning after "address:" through the end of the line, Lines 20-21, 28. This information would cause competitive harm to Defendant by revealing confidential internal business processes.<br>DENIED as to Lines 17, 18, and 19 through "address:". This information does not reveal specific confidential testing or development methodology or chip design. |
| ECF No. 59 | Page 17/Lines 22-23 | DENIED. This information does not reveal confidential testing or development methodology or chip design, but rather relates generally to Defendant and Comcast's knowledge of the alleged defect. |
| ECF No. 59 | Page 17/Lines 24-26 | GRANTED. This information could cause competitive harm to a non-party by revealing confidential business processes. |
| ECF No. 59 | Page 18/Lines 1-2, 4-6, 8-10, 12-14 | GRANTED as to Line 8 from "Modem" through the end of the line and Line 10 from "at" through the end of the line. This information would cause competitive harm to Intel and Defendant by providing confidential information about the design of the chip.<br>DENIED as to Lines 1-2, 4-6, 9, Line 10 only as to the language "Times are observed at", and Lines 12-14. This information does not reveal specific confidential testing or development methodology or chip design and Defendant and Intel have not adequately explained how its disclosure would cause harm. |

7

| **Motion to Seal** | **Page/Line** | **Ruling** |
|---|---|---|
| ECF No. 59 | Page 19/Lines 5-11, 13-18, 20-25 | GRANTED as to Lines 9, 10, and 11 from the beginning of the line through "Comcast." This information could harm Comcast by revealing confidential testing processes.<br>DENIED as to Lines 5-8, the remainder of Line 11, Lines 13-18, 20-25. Defendant does not adequately explain why the disclosure of this information, which relates generally to engineers troubleshooting a consumer's modem performance problems, would cause competitive harm. In addition, because this information only identifies the user by the user's public Reddit username, the information does not reveal confidential consumer information. Finally, although Defendant contends that this information could "reveal information which could be used for malicious purposes and pose a security threat," Defendant does not adequately explain which portions of this information could cause a security threat. |
| ECF No. 59 | Page 21/Lines 9-21 | GRANTED as to Line 19 from "latency" through "ARRIS0470448." This information references an internal assessment of the relative market position of Defendant's product and so its release could cause competitive harm.<br>DENIED as to Lines 9-Line 19 through "latency", 20-21. Defendant and Intel do not adequately explain why the disclosure of this information, which relates generally to engineers troubleshooting modem performance problems, would cause competitive harm. |
| ECF No. 59 | Page 22/Lines 1-5 | DENIED. Defendant and Intel do not adequately explain why the disclosure of this information, which generally identifies different types of latency affecting the chipset, would cause competitive harm. Defendant and Intel do not specify whether some of these latency types are not publicly known or are not otherwise alleged in the unredacted portions of the SACC. In addition, although Defendant contends that this information could "reveal information which could be used for malicious purposes and pose a security threat," Defendant does not adequately explain which portions of this information could cause a security threat. |

| Motion to Seal | Page/Line | Ruling |
|---|---|---|
| ECF No. 59 | Page 26/Lines 18-24 | DENIED. Defendant's contention that this information reveals a confidential testing method is not persuasive. Revelation of the fact that Defendant attempted to replicate a user's findings using the same testing tool that the user employed is unlikely to cause competitive harm. In addition, although Defendant contends that this information could "reveal information which could be used for malicious purposes and pose a security threat," Defendant does not adequately explain which portions of this information could cause a security threat. |
| ECF No. 59 | Page 27/Lines 1-26 | GRANTED. This information reveals specific data resulting from Defendant's internal testing, which could cause competitive harm if disclosed. |
| ECF No. 59 | Page 28/Lines 1-5, 6-28 | GRANTED as to Line 2 between "Arris" and the end of the line, Lines 3-4, Line 7 between "being" and the end of the line, Lines 8-13, and 16-28. This information reveals specific data resulting from Defendant's internal testing, which could cause competitive harm if disclosed. DENIED as to Line 1, Line 2 from the beginning of the line through "Arris", Lines, 6, and 14-15. This information does not reveal specific test results or confidential methods. In addition, although Defendant contends that this information could "reveal information which could be used for malicious purposes and pose a security threat," Defendant does not adequately explain which portions of this information could cause a security threat. |
| ECF No. 59 | Page 29/Lines 1-21 | GRANTED. This information reveals specific data resulting from Defendant's internal testing, which could cause competitive harm if disclosed. |
| ECF No. 59 | Page 30/Lines 1-25 | GRANTED. This information reveals specific data resulting from Defendant's internal testing, which could cause competitive harm if disclosed. |

9

| **Motion to Seal** | **Page/Line** | **Ruling** |
|---|---|---|
| ECF No. 59 | Page 31/Lines 2-3, 5-28 | GRANTED as to Lines 21-28. The disclosure of this information could cause Defendant competitive harm because it reveals confidential testing information, including Defendant's assessment of the results of the tests.<br>DENIED as to Lines 2-3, 5-20. This information does not reveal specific confidential testing or development methodology or chip design and Defendant and Intel have not adequately explained how its disclosure would cause harm. In addition, although Defendant contends that this information could "reveal information which could be used for malicious purposes and pose a security threat," Defendant does not adequately explain which portions of this information could cause a security threat. |
| ECF No. 59 | Page 32/Lines 2-7, 10-27 | GRANTED as to Line 13 between "users" and the end of the line, Lines 14-22. This information reveals specific data resulting from Intel's internal testing, which could cause competitive harm if disclosed.<br>DENIED as to Lines 2-Line 13 from the beginning of the line through "users". This information does not reveal specific confidential testing or development methodology or chip design and Defendant and Intel have not adequately explained how its disclosure would cause harm. In addition, although Defendant contends that this information could "reveal information which could be used for malicious purposes and pose a security threat," Defendant does not adequately explain which portions of this information could cause a security threat. |

United States District Court
Northern District of California

| Motion to Seal | Page/Line | Ruling |
|---|---|---|
| ECF No. 59 | Page 33/Lines 1-27 | GRANTED as to Lines 8-16. The disclosure of this information could cause Defendant competitive harm because it reveals confidential testing information, including Defendant's assessment of the results of the tests, as opposed to only the data.<br>DENIED as to Lines 1-7, 18-27. This information does not reveal specific confidential testing or development methodology or chip design and Defendant and Intel have not adequately explained how its disclosure would cause harm. In addition, although Defendant contends that this information could "reveal information which could be used for malicious purposes and pose a security threat," Defendant does not adequately explain which portions of this information could cause a security threat. |
| ECF No. 59 | Page 34/Lines 6, 8-25 | GRANTED as to Lines 12-18, line 20 beginning after "designed to" through the end of the line, and Lines 21-25. The disclosure of this information could cause Defendant and Intel competitive harm because it reveals confidential testing information and methods, including Intel's assessment of the results of the tests.<br>DENIED as to Lines 6, 8-11, 19, and 20 from the beginning of the line through "designed to." This information does not reveal specific confidential testing or development methodology or chip design and Defendant and Intel have not adequately explained how its disclosure would cause harm. |
| ECF No. 59 | Page 35/Lines 1-19 | GRANTED. The disclosure of this information could cause Defendant and Intel competitive harm because it reveals confidential testing information and methods, including Intel's assessment of the results of the tests. |
| ECF No. 59 | Page 36/Lines 5-24 | GRANTED as to Lines 5-21. The disclosure of this information could cause Defendant and Intel competitive harm because it reveals confidential testing information and methods, including Intel's assessment of the results of the tests.<br>DENIED as to Lines 22-24. This information does not reveal specific confidential testing or development methodology or chip design and Defendant and Intel have not adequately explained how its disclosure would cause harm. |

11

| **Motion to Seal** | **Page/Line** | **Ruling** |
|---|---|---|
| ECF No. 59 | Page 37/Lines 3-7, 22-25, 27-28 | GRANTED as to Line 23 beginning after "vulnerability" through the end of Line 28. The disclosure of this information could cause Defendant and Intel competitive harm because it reveals confidential efforts to address a security vulnerability, the disclosure of which could pose a security threat. DENIED as to Lines 3-7, 22, and Line 23 through the word "vulnerability." This information is publicly available, as demonstrated by Lines 8-21 of the same page, which the parties do not seek to seal. |
| ECF No. 59 | Page 38/Lines 1-18 | GRANTED as to Lines 9-18. The disclosure of this information could cause Defendant and Intel and a third party competitive harm because it reveals confidential testing information and assessments of customer relations. DENIED as to Lines 1-8. This information does not reveal specific confidential testing or development methodology or chip design and Defendant and Intel have not adequately explained how its disclosure would cause harm. |
| ECF No. 59 | Page 39/Lines 7-8, 12-14, 16-28 | DENIED. This information appears to be publicly available on Comcast's own user forums, as well as other public forums. |
| ECF No. 59 | Page 40/Lines 1-12, 14-16 | GRANTED as to Lines 1-3. The disclosure of this information could cause Defendant competitive harm because it reveals confidential marketing judgments. DENIED as to Lines 5-16. This information is publicly available on Comcast's own user forums, as well as other public forums. |
| ECF No. 60 | Page 1/Line 12 | DENIED. Defendant has no objection to unsealing. |
| ECF No. 60 | Page 17/Lines 18-19 | DENIED. Defendant has no objection to unsealing. |
| ECF No. 60 | Page 18/Lines 1-9, 11-12 | GRANTED as to all of Line 5 and the portion of Line 8 between "packet" and "This". This information would cause competitive harm to Intel and Defendant by providing confidential information about the design of the chip. DENIED as to Lines 1-4, 6-7, the remaining portion of Line 8, 9, 11-12. The information does not reveal specific confidential testing or development methodology or chip design, but rather relates to Defendant's knowledge of the existence of the alleged defect that is identified elsewhere in the SACC. |
| ECF No. 60 | Page 18/Lines 17-19 | DENIED. Defendant has no objection to unsealing. |

| Motion to Seal | Page/Line | Ruling |
|---|---|---|
| ECF No. 60 | Page 18/Line 25-Page 19/Line 3 | DENIED. Consumer complaints that do not contain the consumer's identifying information are not sealable, nor is the general description of Defendant's internal response to the complaint. |
| ECF No. 60 | Page 19/Lines 4-6 | DENIED. Defendant has no objection to unsealing. |
| ECF No. 60 | Page 19/Lines 8-15 | GRANTED as to Line 12 except for the word "SB6190." This information would cause competitive harm to Intel and Defendant by providing confidential information about the design of the chip. DENIED as to Lines 8-11 and 13-15. The information does not reveal specific confidential testing or development methodology or chip design, but rather relates to Defendant's knowledge of the existence of the alleged defect that is identified elsewhere in the SACC. |
| ECF No. 60 | Page 19/Lines 17-21, 28 | GRANTED as to Line 19 beginning after "address:" through the end of the line, Lines 20-21, 28. This information would cause competitive harm to Defendant by revealing confidential internal business processes. DENIED as to Lines 17, 18, and 19 through "address:". This information does not reveal specific confidential testing or development methodology or chip design. |
| ECF No. 60 | Page 19/Lines 22-23 | DENIED. This information does not reveal confidential testing or development methodology or chip design, but rather relates generally to Defendant and Comcast's knowledge of the alleged defect. |
| ECF No. 60 | Page 19/Lines 24-26 | GRANTED. This information could cause competitive harm to a non-party by revealing confidential business processes. |
| ECF No. 60 | Page 20/Lines 1-2, 4-6, 8-10, 12-14 | GRANTED as to Line 8 from "Modem" through the end of the line and Line 10 from "at" through the end of the line. This information would cause competitive harm to Intel and Defendant by providing confidential information about the design of the chip. DENIED as to Lines 1-2, 4-6, 9, Line 10 only as to the language "Times are observed at", and Lines 12-14. This information does not reveal specific confidential testing or development methodology or chip design and Defendant and Intel have not adequately explained how its disclosure would cause harm. |

Case No. 17-CV-01834-LHK
ORDER GRANTING IN PART AND DENYING IN PART SEALING MOTIONS

| **Motion to Seal** | **Page/Line** | **Ruling** |
|---|---|---|
| ECF No. 60 | Page 21/Lines 5-11, 13-18, 20-25 | GRANTED as to Lines 9, 10, and 11 from the beginning of the line through "Comcast." This information could harm Comcast by revealing confidential testing processes.<br>DENIED as to Lines 5-8, the remainder of Line 11, Lines 13-18, 20-25. Defendant does not adequately explain why the disclosure of this information, which relates generally to engineers troubleshooting a consumer's modem performance problems, would cause competitive harm. In addition, because this information only identifies the user by the user's public Reddit username, the information does not reveal confidential consumer information. Finally, although Defendant contends that this information could "reveal information which could be used for malicious purposes and pose a security threat," Defendant does not adequately explain which portions of this information could cause a security threat. |
| ECF No. 60 | Page 23/Lines 9-21 | GRANTED as to Line 19 from "latency" through "ARRIS0470448." This information references an internal assessment of the relative market position of Defendant's product and so its release could cause competitive harm.<br>DENIED as to Lines 9-Line 19 through "latency", 20-21. Defendant and Intel do not adequately explain why the disclosure of this information, which relates generally to engineers troubleshooting modem performance problems, would cause competitive harm. |
| ECF No. 60 | Page 24/Lines 1-5 | DENIED. Defendant and Intel do not adequately explain why the disclosure of this information, which generally identifies different types of latency affecting the chipset, would cause competitive harm. Defendant and Intel do not specify whether some of these latency types are not publicly known or are not otherwise alleged in the unredacted portions of the SACC. In addition, although Defendant contends that this information could "reveal information which could be used for malicious purposes and pose a security threat," Defendant does not adequately explain which portions of this information could cause a security threat. |

Case No. 17-CV-01834-LHK
ORDER GRANTING IN PART AND DENYING IN PART SEALING MOTIONS

| **Motion to Seal** | **Page/Line** | **Ruling** |
|---|---|---|
| ECF No. 60 | Page 28/Lines 18-24 | DENIED. Defendant's contention that this information reveals a confidential testing method is not persuasive. Revelation of the fact that Defendant attempted to replicate a user's findings using the same testing tool that the user employed is unlikely to cause competitive harm. In addition, although Defendant contends that this information could "reveal information which could be used for malicious purposes and pose a security threat," Defendant does not adequately explain which portions of this information could cause a security threat. |
| ECF No. 60 | Page 29/Lines 1-26 | GRANTED. This information reveals specific data resulting from Defendant's internal testing, which could cause competitive harm if disclosed. |
| ECF No. 60 | Page 30/Lines 1-28 | GRANTED as to Line 2 between "Arris" and the end of the line, Lines 3-4, Line 7 between "being" and the end of the line, Lines 8-13, and 16-28. This information reveals specific data resulting from Defendant's internal testing, which could cause competitive harm if disclosed. DENIED as to Line 1, Line 2 from the beginning of the line through "Arris", Lines, 6, and 14-15. This information does not reveal specific test results or confidential methods. In addition, although Defendant contends that this information could "reveal information which could be used for malicious purposes and pose a security threat," Defendant does not adequately explain which portions of this information could cause a security threat. |
| ECF No. 60 | Page 31/Lines 1-21 | GRANTED. This information reveals specific data resulting from Defendant's internal testing, which could cause competitive harm if disclosed. |
| ECF No. 60 | Page 32/Lines 1-25 | GRANTED. This information reveals specific data resulting from Defendant's internal testing, which could cause competitive harm if disclosed. |

| Motion to Seal | Page/Line | Ruling |
|---|---|---|
| ECF No. 60 | Page 33/Lines 2-3, 5-28 | GRANTED as to Lines 21-28. The disclosure of this information could cause Defendant competitive harm because it reveals confidential testing information, including Defendant's assessment of the results of the tests, as opposed to the pure data. DENIED as to Lines 2-3, 5-20. This information does not reveal specific confidential testing or development methodology or chip design and Defendant and Intel have not adequately explained how its disclosure would cause harm. In addition, although Defendant contends that this information could "reveal information which could be used for malicious purposes and pose a security threat," Defendant does not adequately explain which portions of this information could cause a security threat. |
| ECF No. 60 | Page 34/Lines 2-7, 10-27 | GRANTED as to Line 13 between "users" and the end of the line, Lines 14-22. This information reveals specific data resulting from Intel's internal testing, which could cause competitive harm if disclosed. DENIED as to Lines 2-Line 13 from the beginning of the line through "users". This information does not reveal specific confidential testing or development methodology or chip design and Defendant and Intel have not adequately explained how its disclosure would cause harm. In addition, although Defendant contends that this information could "reveal information which could be used for malicious purposes and pose a security threat," Defendant does not adequately explain which portions of this information could cause a security threat. |

Case No. 17-CV-01834-LHK
ORDER GRANTING IN PART AND DENYING IN PART SEALING MOTIONS

United States District Court
Northern District of California

| Motion to Seal | Page/Line | Ruling |
|---|---|---|
| ECF No. 60 | Page 35/Lines 1-27 | GRANTED as to Lines 8-16. The disclosure of this information could cause Defendant competitive harm because it reveals confidential testing information, including Defendant's assessment of the results of the tests, as opposed to the pure data. DENIED as to Lines 1-7, 18-27. This information does not reveal specific confidential testing or development methodology or chip design and Defendant and Intel have not adequately explained how its disclosure would cause harm. In addition, although Defendant contends that this information could "reveal information which could be used for malicious purposes and pose a security threat," Defendant does not adequately explain which portions of this information could cause a security threat. |
| ECF No. 60 | Page 36/Lines 6, 8-25 | GRANTED as to Lines 12-18, line 20 beginning after "to," Lines 21-25. The disclosure of this information could cause Defendant and Intel competitive harm because it reveals confidential testing information and methods, including Intel's assessment of the results of the tests. DENIED as to Lines 6, 8-11, 19, and 20 from the beginning of the line through "designed to." This information does not reveal specific confidential testing or development methodology or chip design and Defendant and Intel have not adequately explained how its disclosure would cause harm. |
| ECF No. 60 | Page 37/Lines 1-19 | GRANTED. The disclosure of this information could cause Defendant and Intel competitive harm because it reveals confidential testing information and methods, including Intel's assessment of the results of the tests. |
| ECF No. 60 | Page 38/Lines 5-24 | GRANTED as to Lines 5-21. The disclosure of this information could cause Defendant and Intel competitive harm because it reveals confidential testing information and methods, including Intel's assessment of the results of the tests. DENIED as to Lines 22-24. This information does not reveal specific confidential testing or development methodology or chip design and Defendant and Intel have not adequately explained how its disclosure would cause harm. |

Case No. 17-CV-01834-LHK
ORDER GRANTING IN PART AND DENYING IN PART SEALING MOTIONS

| Motion to Seal | Page/Line | Ruling |
|---|---|---|
| ECF No. 60 | Page 39/Lines 3-7, 22-25, 27-28 | GRANTED as to Line 23 beginning after "vulnerability" through the end of Line 28. The disclosure of this information could cause Defendant and Intel competitive harm because it reveals confidential efforts to address a security vulnerability, the disclosure of which could pose a security threat. DENIED as to Lines 3-7, 22, and Line 23 through the word "vulnerability." This information is publicly available, as demonstrated by Lines 8-21 of the same page, which the parties do not seek to seal. |
| ECF No. 60 | Page 40/Lines 1-18 | GRANTED as to Lines 9-18. The disclosure of this information could cause Defendant and Intel and a third party competitive harm because it reveals confidential testing information and assessments of customer relations. DENIED as to Lines 1-8. This information does not reveal specific confidential testing or development methodology or chip design and Defendant and Intel have not adequately explained how its disclosure would cause harm. |
| ECF No. 60 | Page 41/Lines 7-8, 12-14, 16-28 | DENIED. This information appears to be publicly available on Comcast's own user forums, as well as other public forums. |
| ECF No. 60 | Page 42/Lines 1-12, 14-16 | GRANTED as to Lines 1-3. The disclosure of this information could cause Defendant competitive harm because it reveals confidential marketing judgments. DENIED as to Lines 5-16. This information appears to be publicly available on Comcast's own user forums, as well as other public forums. |

Thus, Plaintiffs' administrative motions to file under seal are GRANTED IN PART and DENIED IN PART. Pursuant to Civil Local Rule 79-5(f)(3), Plaintiffs shall refile redacted and unredacted versions of the SACC and TACC that comply with the above rulings within 7 days of the date of this order.

**IT IS SO ORDERED.**

Dated: March 20, 2018

*Lucy H. Koh*

LUCY H. KOH
United States District Judge

18