UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE ARRIS CABLE MODEM CONSUMER LITIGATION | Case No. 17-CV-01834-LHK<br><br>**ORDER DENYING MOTION FOR LEAVE TO FILE FOURTH AMENDED CONSOLIDATED CLASS ACTION COMPLAINT**<br><br>Re: Dkt. No. 191 |

This is a class action brought by purchasers of certain cable modems manufactured by Defendant ARRIS International Limited ("Arris"). In March and May 2017, Plaintiffs filed their original complaints in two separate lawsuits. ECF No. 1. Since then, the parties have engaged in extensive litigation, culminating in this Court's grant of Arris's motion for summary judgment as to several of Plaintiffs' claims. Plaintiffs now seek to file a Fourth Amended Consolidated Class Action Complaint. ECF No. 191.[1] Having considered the parties' submissions, the record in this case, and the relevant law, the Court DENIES Plaintiffs' Motion for Leave to File a Fourth Amended Consolidated Class Action Complaint.

---

[1] All references to the docket refer to Case No. 5:17-CV-1834 unless otherwise specified.

1

Case No. 17-CV-01834-LHK
ORDER DENYING MOTION FOR LEAVE TO FILE FOURTH AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

## I. BACKGROUND

This action commenced on March 31, 2017, when Plaintiff Carlos Reyna filed a putative class action complaint against Arris. ECF No. 1. On May 11, 2017, Knowles and 16 other plaintiffs filed a separate putative class action complaint against Arris. Case No. 5:17-CV-2740, ECF No. 1. The gravamen of the complaints is that Arris failed to disclose defects in its SURFboard SB6190 cable modem. The Court consolidated the cases on June 30, 2017. ECF No. 24.

Although the original complaints contained claims brought under various states' laws, the parties proposed to streamline the litigation by adjudicating the four California law claims first. *See* ECF No. 22 ("June 2017 JCMS") at 8. Specifically, under the parties' proposal, only the four California claims would "proceed through any motion by Defendant to dismiss, a motion by Plaintiffs to certify these California classes, and any motions for summary judgment." *Id.* "[E]ach of the other state claims would be included in Plaintiffs' consolidated amended complaint," but they would be stayed pending resolution of the California claims. *Id.* The Court approved the parties' proposal at the case management conference on July 5, 2017. ECF No. 26; *see* ECF No. 40 ("July 2017 CMC Tr.") at 5:5-5:17.

Also at the July 2017 case management conference, the Court set a case schedule pursuant to Federal Rule of Civil Procedure 16(b). ECF No. 26; *see* ECF No. 27. In the joint case management statement, Plaintiffs indicated that they "expect[ed] to add additional state claims to their consolidated amended complaint, for a total of approximately between fifteen and twenty state claims." June 2017 JCMS at 8. As requested by the parties, the Court set July 21, 2017 as the deadline for Plaintiffs to file their consolidated amended class action complaint. June 2017 JCMS at 9; ECF No. 27 at 2. Of particular relevance to the instant motion, the Court set December 15, 2017 as the last day to amend the pleadings and/or add parties. ECF No. 27 at 2. January 22, 2018 was set as the close of all fact discovery, excluding only "any discovery . . . that relates to only the non-California claims." June 2017 JCMS at 5; July 2017 CMC Tr. at 11:7-9.

Plaintiffs filed their consolidated amended class action complaint on July 21, 2017. ECF

2

Case No. 17-CV-01834-LHK
ORDER DENYING MOTION FOR LEAVE TO FILE FOURTH AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

No. 30. The consolidated amended class action complaint included claims under California law and eighteen claims under the laws of other states. *Id.* The four California causes of action were brought on behalf of the named California Plaintiffs and the California Subclass under (1) the Song-Beverly Consumer Warranty Act ("Song-Beverly Act"), Cal Civ. Code §§ 1790 *et seq.*; (2) the Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750 *et seq.*; (3) the False Advertising Law ("FAL"), Cal Bus. & Prof. Code §§ 17500 *et seq.*; and (4) the Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 *et seq. Id.* Plaintiffs also asserted a claim for unjust enrichment/quasi-contract individually and on behalf of the Nationwide Class. *Id.*

Over the next two years, the parties exhaustively litigated the four California claims and the claim for unjust enrichment/quasi-contract. In August 2017, Arris filed a motion to dismiss and to strike parts of the CCAC. ECF No. 33. The Court granted the motion to dismiss with leave to amend and denied the motion to strike in January 2018. ECF No. 54.

In February 2018, Plaintiffs filed a second amended consolidated class action complaint, ECF No. 59-4, and Arris filed an answer thereto, ECF No. 68. After an extension requested by the parties, fact discovery closed on February 20, 2018. *See* ECF No. 117 at 1.

In August 2018, the Court certified two damages classes under Rule 23(b)(3): (1) a class that sought relief under the UCL and FAL, and (2) a subclass that sought relief under the Song-Beverly Act and CLRA. ECF No. 136. Plaintiffs did not move to certify a class as to the claim for unjust enrichment/quasi-contract. *See id.* at 8–9.

Both parties also filed several *Daubert* challenges to their respective experts, *see* ECF Nos. 94, 96, 98, 124, all of which were denied by the Court in August of 2018, *see* ECF No. 136.

On December 12, 2018, the Court granted the parties' request to lift the stay on discovery as to Plaintiffs' non-California claims. ECF No. 155. On January 7, 2019, Arris sent Plaintiffs a letter indicating Arris's intent to seek dismissal of nine non-California claims from the second amended consolidated class action complaint. ECF No. 191-1, Ex. A.

On April 25, 2019, Arris filed a motion summary judgment as to the four California claims

3

1  and the claim for unjust enrichment. ECF No. 173. On August 20, 2019, the Court granted Arris's motion for summary judgment as to all four California claims and dismissed the unjust enrichment claim as abandoned. *See* ECF No. 224 at 29.

On June 28, 2019, after the parties' had completed their briefing on Arris's motion for summary judgment, Plaintiffs filed the instant Motion for Leave to File a Fourth Amended Consolidated Class Action Complaint. ECF No. 191 ("Mot. for Leave"). On July 12, 2019, Arris opposed the motion. *See* ECF No. 196. Plaintiffs replied on July 19, 2019. ECF No. 197.

## II.  LEGAL STANDARD

Plaintiffs bring their motion under Federal Rule of Civil Procedure 15(a), which states that a party may amend its complaint "once as a matter of course at any time before a responsive pleading is served." Fed. R. Civ. P. 15(a). Thereafter, a party may amend only with leave of the court or by written consent of the adverse party, but leave to amend should be freely granted "when justice so requires." *Id.*; *see Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989).

However, the Ninth Circuit has made clear that "the liberality in granting leave to amend is subject to several limitations." *Id.* A district court may deny leave to amend a complaint due to "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of amendment." *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962) (alterations omitted)). "The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." *Ascon Properties*, 866 F.2d at 1160. Of these considerations, "it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (per curiam). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id.* (emphasis in

4

Case No. 17-CV-01834-LHK
ORDER DENYING MOTION FOR LEAVE TO FILE FOURTH AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

original).

Furthermore, in cases where a party moves to amend or add a party after the district court's deadline for amending the pleadings has expired, Federal Rule of Civil Procedure 16 is also implicated. *See, e.g.*, *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000). Rule 16 provides that a district court's scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Only if the moving party establishes good cause to modify the schedule under Rule 16 should the Court consider whether the moving party has also demonstrated that amendment is appropriate under Rule 15(a). *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992).

The "good cause" standard "primarily considers the diligence of the party seeking the amendment." *Id.* at 609. "If that party was not diligent, the inquiry should end." *Id.*; *accord In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 135 S. Ct. 1591 (2015). "A party demonstrates good cause for the modification of a scheduling order by showing that, even with the exercise of due diligence, he or she was unable to meet the timetable set forth in the order." *Matrix Motor Co., Inc. v. Toyota Jidosha Kabushiki Kaisha*, 218 F.R.D. 667, 671 (C.D. Cal. 2003) (citing *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002)); *see also Mammoth Recreations*, 975 F.2d at 609. On the other hand, "carelessness is not compatible with a finding of diligence and offers no reason to grant relief." *Mammoth Recreations*, 975 F.2d at 609. It is the moving party's burden to show that it acted diligently to comply with the Court's deadline. *Millsaps v. Pinal Cty. Superior Court*, 494 F. App'x 821, 823 (9th Cir. 2012) (affirming district court's finding that plaintiff did not meet his burden of showing diligence). In addition, "although not required under Rule 16(b)," prejudice to the party opposing the modification may "supp[y] an additional reason for denying the motion." *Coleman*, 232 F.3d at 1295.

## III. DISCUSSION

Defendants oppose Plaintiffs' request to amend their complaint on the ground that

December 15, 2017 was the Court's deadline for doing so. ECF No. 196 ("Def. Opp.") at 9. Plaintiffs claim the December 2017 deadline did not apply to their non-California claims. Mot. for Leave at 10. Instead, Plaintiffs believe they are entitled to amend their complaint "as a matter of course" because "Arris has not served a responsive pleading to the non-California claims, nor has it filed a motion under Rule 12." *Id.* at 9. Plaintiffs argue in the alternative that they have shown good cause for amending past the deadline. *Id.* at 21.

As set forth below, the Court finds that December 15, 2017 was the deadline for all amendments to the complaint, not just amendments to the California claims. The Court therefore applies Rule 16's good cause standard and concludes it has not been satisfied here.

**A. Whether Rule 16 applies**

The Court's July 5, 2017 scheduling order stated that December 15, 2017 was the "last day to amend the pleadings/add parties." ECF No. 27 at 2. The Court is not persuaded by Plaintiffs' unsupported assertion that this deadline applied only to Plaintiffs' California claims.

Plaintiffs' initial complaints asserted claims under the laws of California and eight other states. The parties specified in their June 2017 joint case management statement—which contained their proposed case schedule—that "each of the other state claims would be included in Plaintiffs' consolidated amended complaint." June 2017 JCMS at 8. When the Plaintiffs filed the consolidated amended class action complaint on July 21, 2017, they added thirteen plaintiffs and claims under the laws of nine additional states. *See* ECF No. 30. Plaintiffs cannot now complain that they were unaware of the need to thoroughly plead their non-California claims by December 15, 2017.

Throughout this litigation, the parties and the Court were explicit as to which aspects of the scheduling order concerned the California claims alone. For instance, the parties specified that January 22, 2018 was the close of "all" fact discovery, excluding only "any discovery . . . that relates to only the non-California claims." June 2017 JCMS at 5; July 2017 CMC Tr. at 11:7-9. The Court did not similarly confine the deadline to amend the pleadings to the California claims.

Moreover, on December 12, 2018, the Court granted the parties' request to lift the stay on discovery as to Plaintiffs' non-California claims, so discovery has been proceeding on Plaintiffs' non-California claims for more than nine months. ECF No. 155.

The Court therefore agrees with Arris that December 15, 2017 was the deadline for Plaintiffs to amend their complaint. As it is now well past that deadline, the Court considers whether Plaintiffs have shown good cause to alter the scheduling order.

### B. Application of Rule 16(b)(4)

According to Plaintiffs, the Fourth Amended Consolidated Class Action Complaint includes the following amendments: (1) it adds "detailed reliance allegations for each non-California Plaintiff" and "expands upon each non-California's Plaintiff's experiences operating the SB6190 modems"; (2) it substitutes plaintiffs Matthew Hopkins, Norris Onea, and Daniel Rees for current plaintiffs Kaci Roar, Yong Jae Lee, and Paul Dubey, respectively; (3) it adds plaintiffs Christopher Kaflik, Jeffrey Greenfield, Matthew Winkelman, and Jamie Coyle; (4) it adds new statutory claims under Connecticut, Florida, and Iowa law; (5) it adds new allegations for the existing Hawaii, Texas, Washington, and Kansas claims; (6) it removes current plaintiffs Kelly Smith, David Eisen, Wes Tilley, Tom Kisha, John Matsayko, and Andrew Prowant; and (7) it drops the District of Columbia and Oklahoma claims and subclasses. Mot for Leave at 7-9; ECF No. 191-1, Ex. A.

Plaintiffs offer no compelling justification for their tardiness in seeking these amendments. Plaintiffs say only that they "had no reason to seek amendment of their statutory consumer claims until Arris identified supposed deficiencies there" in the letter Arris sent to Plaintiffs in January 2019. Mot. for Leave at 16. First of all, this explanation does not justify Plaintiffs' effort to add entirely new claims and plaintiffs. Moreover, the Court rejects the notion that Arris bore responsibility for alerting Plaintiffs to defects in Plaintiffs' complaint. Plaintiffs have known the basic facts and theories of their claims since the suit began, and they do not purport to now change them. The Ninth Circuit has made clear that "[t]he good cause standard typically will not be met

7

where the party . . . has been aware of the facts and theories supporting amendment since the inception of the action." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d at 737. Nothing relevant has changed since the Court's deadline in December 2017. Even after that deadline, Plaintiffs could have sought leave to amend their non-California claims in February 2018, when Plaintiffs amended their California claims in response to the Court's grant of Arris's motion to dismiss, but Plaintiffs did not do so.

Even if the Court were to accept Plaintiffs' contention that they have been diligent since Arris's January 2019 letter, nearly six months passed before Plaintiffs sought this Court's leave to amend on June 28, 2019. Discovery on the non-California claims—which began in December 2018—has progressed during that time. Courts in this circuit have consistently found a lack of diligence when plaintiffs delayed even just a few months. *In re Rocket Fuel Inc. Sec. Litig.*, No. 14-CV-03998-PJH, 2017 WL 344983, at *4 (N.D. Cal. Jan. 24, 2017) (finding plaintiffs "have not shown diligence in timely pursuing amendment" where plaintiff moved for leave to amend in December 16, 2016 but plaintiffs received the new information in July and August of 2016); *Van Slyke v. Capital One Bank*, No. C 07-00671WHA, 2007 WL 3435095, at *3 (N.D. Cal. Nov. 13, 2007) ("Here, plaintiffs knew of these new facts in August but did not ask leave to amend until October 9."). Under these circumstances, Plaintiffs have failed to demonstrate good cause.

In addition, permitting Plaintiffs to add new parties and new claims at this late stage of the litigation would be unduly prejudicial to defendants. *See Adams v. Kraft*, No. 10-CV-00602-LHK, 2010 WL 4939440, at *4 (N.D. Cal. Nov. 30, 2010) ("Examples of substantial prejudice include instances . . . in which amendment would greatly alter the nature of the litigation at a late hour in the case."). The amendments sought are significant, including both new claims and new plaintiffs from additional states. Meanwhile, Arris has assiduously litigated this case for more than two years, including a motion for class certification, a motion for summary judgment, and nine months of discovery on the non-California claims. The prejudice to Arris further supports the Court's conclusion that Plaintiffs should not be permitted to make their desired amendments.

Accordingly, the Court rejects Plaintiffs' belated request to file their Fourth Amended Consolidated Class Action Complaint.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Leave to File a Fourth Amended Consolidated Class Action Complaint is DENIED.

**IT IS SO ORDERED.**

Dated: September 6, 2019

*Lucy H. Koh*
LUCY H. KOH
United States District Judge