FILED

MAY 14 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GREG KNOWLES; BRIAN ALEXANDER, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> ARRIS INTERNATIONAL PLC, <br><br> Defendant-Appellee. | No.   19-17468 <br><br> D.C. No. 5:17-cv-01834-LHK <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Lucy H. Koh, District Judge, Presiding

Argued and Submitted April 15, 2021
San Francisco, California

Before: W. FLETCHER, RAWLINSON, and BADE, Circuit Judges.

Plaintiffs-Appellants Greg Knowles and Brian Alexander appeal the grant of summary judgment in favor of Defendant-Appellee ARRIS International (ARRIS) with respect to Plaintiffs' claims for breach of the implied warranty of merchantability, false advertising, and the failure to disclose a material defect, all

---

\*   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

in violation of California statutory law. Reviewing the grant of summary judgment de novo, we affirm. *See Hauk v. JP Morgan Chase Bank USA*, 552 F.3d 1114, 1117 (9th Cir. 2009).

**1.** The district court did not err when granting summary judgment in favor of ARRIS on Plaintiffs' claim of breach of the implied warranty of merchantability under the Song-Beverly Act. *See* Cal. Civ. Code § 1791. Plaintiffs failed to raise a material issue of fact regarding whether the SB6190 Modem failed to meet a "minimum level of quality." *American Suzuki Motor Corp. v. Superior Ct.*, 37 Cal. App. 4th 1291, 1296 (1995), *as modified on denial of rehearing; see also Birdsong v. Apple, Inc.*, 590 F.3d 955, 958 (9th Cir. 2009) (explaining that "[a] breach of the warranty of merchantability occurs if the product lacks even the most basic degree of fitness for ordinary use") (citations and internal quotations marks omitted).

**2.** Summary judgment in favor of ARRIS was also appropriate on Plaintiffs' false advertising claims under California's False Advertising Law (FAL) (Cal. Bus. & Prof. Code § 17500), Consumer Legal Remedies Act (CLRA) (Cal. Civ. Code § 1750-1757) and Unfair Competition Law (UCL) (Cal. Bus. & Prof. Code § 17200). The district court properly concluded that the star ratings comparing the SB6190 modem to earlier models and the assertion that the SB6190 Modem would "deliver the fastest speeds and most reliable connection to the Internet" constituted

non-actionable puffery. *See Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 246 (9th Cir. 1990) (explaining that "[a]dvertising which merely states in general terms that one product is superior," or that a product's attribute is "far" superior to that of other products, "constitutes puffery and is not actionable as false advertising").

The district court also correctly concluded that ARRIS's statements regarding the SB6190 Modem's compatibility with Comcast, "GIGABIT+ CABLE" capacity, "32 DOWNSTREAM CHANNELS," and "SPEEDS UP TO 1.4 GBPS" were not demonstrably false. In addition, the disclaimer on ARRIS's packaging further tempered consumer's expectations. *See Brady v. Bayer Corp.*, 26 Cal. App. 5th 1156, 1167 (2018) (explaining that when a claim is not false, "qualifiers in the packaging can ameliorate any tendency of the label to mislead"); *see also Freeman v. Time, Inc.*, 68 F.3d 285, 290 (9th Cir. 1995) (affirming dismissal of false advertising claim when a misleading "inference is unreasonable in the context of the entire document").

**3.** The district court did not err when granting summary judgment in favor of ARRIS on Plaintiffs' failure to disclose claims. Plaintiffs failed to raise a material issue of fact that the identified defects prevented the SB6190 Modem from performing a critical or integral function as a modem. The identified defects

therefore were not material. *See Rutledge v. Hewlett-Packard Co.*, 238 Cal. App. 4th 1164, 1174-75 (2015) (noting "a duty to disclose a material defect" which prevented the product from performing a "critical" function that was "central and necessary to the function" of the product); *see also Collins v. eMachines, Inc.*, 202 Cal. App. 4th 249, 257-58 (2011) (requiring disclosure of defect preventing performance of an "integral" function). In sum, ARRIS had no duty to disclose non-material defects. *See Hodsdon v. Mars, Inc.*, 891 F.3d 857, 860 (9th Cir. 2018) (explaining that in the absence of "physical defects that affect the central function" of the product, manufacturers have no "duty to disclose").[1]

**4.** Plaintiffs' claims under the unlawful and unfairness prongs of the UCL also fail. The district court correctly concluded that the unlawful prong required violation of another law, and appropriately granted summary judgment because Plaintiffs' other claims failed. *See Hodsdon*, 891 F.3d at 865. Plaintiffs also failed

---

[1] Plaintiffs focus on the word "affect" to argue that any defect which affects a product's central function requires disclosure. *Hodsdon* does not support this argument. Specifically, we explained in *Hodsdon* that disclosure was required in *Collins* and *Rutledge* because the identified defects "render[ed] those products incapable of use by any consumer." *Hodsdon*, 891 F.3d at 864. Here, Plaintiffs were able to use the SB6190 Modem to play video games online and Skype by video, with only occasional issues; and were able to browse the web and check email with no issues. Plaintiffs' own expert acknowledged that even if a cable modem worked perfectly, a consumer could still experience the same issues experienced by Plaintiffs.

4

to raise a material issue of fact with respect to either of the two tests for establishing unfairness. The district court properly concluded that ARRIS's statements or omissions were "not substantially injurious, immoral, or unethical" or a violation of public policy. *Id.* at 866-67.

**AFFIRMED.**

# United States Court of Appeals for the Ninth Circuit

**Office of the Clerk**
95 Seventh Street
San Francisco, CA 94103

## Information Regarding Judgment and Post-Judgment Proceedings

**Judgment**
- This Court has filed and entered the attached judgment in your case. Fed. R. App. P. 36. Please note the filed date on the attached decision because all of the dates described below run from that date, not from the date you receive this notice.

**Mandate (Fed. R. App. P. 41; 9th Cir. R. 41-1 & -2)**
- The mandate will issue 7 days after the expiration of the time for filing a petition for rehearing or 7 days from the denial of a petition for rehearing, unless the Court directs otherwise. To file a motion to stay the mandate, file it electronically via the appellate ECF system or, if you are a pro se litigant or an attorney with an exemption from using appellate ECF, file one original motion on paper.

**Petition for Panel Rehearing (Fed. R. App. P. 40; 9th Cir. R. 40-1)**
**Petition for Rehearing En Banc (Fed. R. App. P. 35; 9th Cir. R. 35-1 to -3)**

(1)  A.  **Purpose (Panel Rehearing):**
- A party should seek panel rehearing only if one or more of the following grounds exist:
    ▶ A material point of fact or law was overlooked in the decision;
    ▶ A change in the law occurred after the case was submitted which appears to have been overlooked by the panel; or
    ▶ An apparent conflict with another decision of the Court was not addressed in the opinion.
- Do not file a petition for panel rehearing merely to reargue the case.

B.  **Purpose (Rehearing En Banc)**
- A party should seek en banc rehearing only if one or more of the following grounds exist:

▶ Consideration by the full Court is necessary to secure or maintain uniformity of the Court's decisions; or
▶ The proceeding involves a question of exceptional importance; or
▶ The opinion directly conflicts with an existing opinion by another court of appeals or the Supreme Court and substantially affects a rule of national application in which there is an overriding need for national uniformity.

**(2) Deadlines for Filing:**
- A petition for rehearing may be filed within 14 days after entry of judgment. Fed. R. App. P. 40(a)(1).
- If the United States or an agency or officer thereof is a party in a civil case, the time for filing a petition for rehearing is 45 days after entry of judgment. Fed. R. App. P. 40(a)(1).
- If the mandate has issued, the petition for rehearing should be accompanied by a motion to recall the mandate.
- *See* Advisory Note to 9th Cir. R. 40-1 (petitions must be received on the due date).
- An order to publish a previously unpublished memorandum disposition extends the time to file a petition for rehearing to 14 days after the date of the order of publication or, in all civil cases in which the United States or an agency or officer thereof is a party, 45 days after the date of the order of publication. 9th Cir. R. 40-2.

**(3) Statement of Counsel**
- A petition should contain an introduction stating that, in counsel's judgment, one or more of the situations described in the "purpose" section above exist. The points to be raised must be stated clearly.

**(4) Form & Number of Copies (9th Cir. R. 40-1; Fed. R. App. P. 32(c)(2))**
- The petition shall not exceed 15 pages unless it complies with the alternative length limitations of 4,200 words or 390 lines of text.
- The petition must be accompanied by a copy of the panel's decision being challenged.
- An answer, when ordered by the Court, shall comply with the same length limitations as the petition.
- If a pro se litigant elects to file a form brief pursuant to Circuit Rule 28-1, a petition for panel rehearing or for rehearing en banc need not comply with Fed. R. App. P. 32.

- The petition or answer must be accompanied by a Certificate of Compliance found at Form 11, available on our website at www.ca9.uscourts.gov under *Forms*.
- You may file a petition electronically via the appellate ECF system. No paper copies are required unless the Court orders otherwise. If you are a pro se litigant or an attorney exempted from using the appellate ECF system, file one original petition on paper. No additional paper copies are required unless the Court orders otherwise.

## Bill of Costs (Fed. R. App. P. 39, 9th Cir. R. 39-1)
- The Bill of Costs must be filed within 14 days after entry of judgment.
- See Form 10 for additional information, available on our website at www.ca9.uscourts.gov under *Forms*.

## Attorneys Fees
- Ninth Circuit Rule 39-1 describes the content and due dates for attorneys fees applications.
- All relevant forms are available on our website at www.ca9.uscourts.gov under *Forms* or by telephoning (415) 355-7806.

## Petition for a Writ of Certiorari
- Please refer to the Rules of the United States Supreme Court at www.supremecourt.gov

## Counsel Listing in Published Opinions
- Please check counsel listing on the attached decision.
- If there are any errors in a published <u>opinion</u>, please send a letter **in writing within 10 days** to:
    - Thomson Reuters; 610 Opperman Drive; PO Box 64526; Eagan, MN 55123 (Attn: Jean Green, Senior Publications Coordinator);
    - and electronically file a copy of the letter via the appellate ECF system by using "File Correspondence to Court," or if you are an attorney exempted from using the appellate ECF system, mail the Court one copy of the letter.

Post Judgment Form - Rev. 12/2018

3

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT
## Form 10. Bill of Costs

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form10instructions.pdf

**9th Cir. Case Number(s)** [ ]

**Case Name** [ ]

The Clerk is requested to award costs to (*party name(s)*):

[ ]

I swear under penalty of perjury that the copies for which costs are requested were actually and necessarily produced, and that the requested costs were actually expended.

**Signature** [ ]   **Date** [ ]

(*use "s/[typed name]" to sign electronically-filed documents*)

| COST TAXABLE | REQUESTED (each column must be completed) | | | |
|---|---|---|---|---|
| DOCUMENTS / FEE PAID | No. of Copies | Pages per Copy | Cost per Page | TOTAL COST |
| Excerpts of Record* | | | $ | $ |
| Principal Brief(s) *(Opening Brief; Answering Brief; 1st, 2nd, and/or 3rd Brief on Cross-Appeal; Intervenor Brief)* | | | $ | $ |
| Reply Brief / Cross-Appeal Reply Brief | | | $ | $ |
| Supplemental Brief(s) | | | $ | $ |
| Petition for Review Docket Fee / Petition for Writ of Mandamus Docket Fee | | | | $ |
| | | | TOTAL: | $ |

*__Example:__ Calculate 4 copies of 3 volumes of excerpts of record that total 500 pages [Vol. 1 (10 pgs.) + Vol. 2 (250 pgs.) + Vol. 3 (240 pgs.)] as:
No. of Copies: 4; Pages per Copy: 500; Cost per Page: $.10 (or actual cost IF less than $.10);
TOTAL: 4 x 500 x $.10 = $200.

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

Form 10                                                              *Rev. 12/01/2018*